IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Devin Lamont Streater, )
    Petitioner, )
)
v. ) 1:12cv1060 (LO/IDD)
)
Director, Virginia Dep't of Corrections, )
    Respondent. )

## MEMORANDUM OPINION

Devin Lamont Streater, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss and accompanying memorandum, and petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner has filed a response; accordingly, this matter is ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for Pittsylvania County, Virginia, entered on May 20, 2008.[1] Petitioner was convicted of one count of armed burglary, one count of shooting within an occupied dwelling, four counts of use of a firearm in the commission of felony, one count of malicious bodily injury, and two counts of robbery. R. Nos. CR07-651–653 & CR07-820–825. He received a total sentence of seventy (70) years. Petitioner appealed to the Court of Appeals of Virginia, which affirmed the convictions by an unpublished opinion on November 10, 2009. Streater v. Commonwealth, R. No. 1253-08-3 (Va.

---

[1] Petitioner is confined in the Eastern District of Virginia, so venue is proper here. See 28 U.S.C. § 2241(d).

Ct. App. Nov. 10, 2009); Resp. Ex. 1. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on May 28, 2010 and denied a subsequent petition for rehearing on September 24, 2010. Streater v. Warden, R. No. 102174 (Va. Sept. 24, 2010).

On June 2, 2011, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which denied and dismissed the petition on January 18, 2012 and denied a petition for rehearing on April 26, 2010. R. No. 111026.

On September 20, 2012, petitioner filed the instant federal habeas petition, asserting the following claims:

> (1) Petitioner's trial counsel was ineffective for failing to subpoena an archived video tape from a closed-circuit television camera system at an establishment where petitioner was located on the night of the crime;
>
> (2) Petitioner was denied a fair trial because the trial court erred in excluding evidence that eyewitnesses had misidentified other individuals in photo arrays;
>
> (3) Petitioner was denied a fair trial when the trial court refused to grant a mistrial during the sentencing phase of his jury trial; and
>
> (4) Petitioner was denied a fair trial when the trial court erred in refusing to rule that the evidence was insufficient to support his convictions.

## II. Procedural Bar

Claim 3 is procedurally barred from federal review because of the Court of Appeals of Virginia's finding of procedural default. When a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262–63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423–24 (1991). When these two requirements have been met, federal courts may not

review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

When petitioner presented Claim 3 to the Court of Appeals of Virginia, it found that the claim was procedurally defaulted pursuant to Va. Sup. Ct. R. 5A:18 due to the petitioner's failure to make a timely request for a mistrial. Streater v. Commonwealth, supra, at 7-8. The Fourth Circuit has held that the procedural default rule set forth in both R. 5A:18 constitutes an adequate and independent state-law ground for decision. See King v. Dean, 955 F.2d 41 (4th Cir. 1992) (unpublished table opinion); Byrd v. Johnson, 2006 WL 1472397, *3 (E.D. Va. May 19, 2006); Chandler v. Angelone, 2002 WL 32514958, *8 (E.D. Va. Mar. 20, 2002), aff'd, 53 Fed. Appx. 304 (4th Cir. 2002); cf. Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999). Because the Court of Appeals' opinion was the last reasoned decision on this issue, its holding is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Additionally, petitioner makes no assertion of cause or prejudice in response to the Motion to Dismiss. Therefore, Claim 3 is barred from federal review.

Petitioner's remaining claims will be examined on the merits.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a

case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

## IV. Analysis

In the remaining claims, petitioner argues that counsel rendered ineffective assistance and that prosecutors engaged in misconduct.

### A. Claim 1: Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

4

been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Petitioner alleges that he was denied the effective assistance of counsel because counsel failed to subpoena the archived video feed of the closed circuit television camera system at the discotheque in which petitioner was located at the time the crimes were committed. When petitioner presented this claim in his state habeas petition to the Supreme Court of Virginia, it held that the claim satisfied neither the performance nor prejudice prong of Strickland. Specifically, it reasoned:

> Petitioner has failed to proffer the videotape which he asserts establishes his alibi. Furthermore, petitioner provides no evidence that any such videotape existed, that it would have been available to counsel, or that it would have verified petitioner's presence at the discotheque. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Streater v. Warden, supra, at 2. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. A review of petitioner's state habeas petition and the

5

memorandum of law he attached to the petition reveals that petitioner did not include evidence that a video of the discotheque existed or that it would have provided him with an alibi. Streater v. Warden, supra, Habeas Pet. 4–13, Jun. 2, 2011. Therefore, this claim must be dismissed.

B. Claim 2: Photo Array Misidentification

Petitioner argues that the trial court erred in refusing to admit evidence indicating that—while viewing photographic spreads containing pictures of suspects other than petitioner—some of the victims had mistakenly identified as petitioner's accomplices pictures of individuals who were not considered suspects. Petitioner asserts that these alleged misidentifications were relevant and material to the proceedings because the accuracy of the victims' identifications of petitioner as a perpetrator of the crimes was the main issue at trial.

This claim will be dismissed. "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Therefore, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Bates v. Lee, 308 F.3d 411, 420 (4th Cir.), cert. denied, 538 U.S. 1061 (2003), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), and "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Questions regarding the admissibility of evidence normally are matters of state law and procedure, and do not implicate federal constitutional issues. "It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented." Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). Moreover, to be cognizable on federal habeas corpus review, a claim involving a state evidentiary ruling not only must be expressed as a constitutional deprivation, but also first must have been argued in such terms in the state forum. Moore v. Illinois, 408 U.S. 786, 799 (1972)

(due process issue concerning admission into evidence of shotgun raised for the first time in federal petition not properly before federal court where "there [was] nothing in the record to disclose, that due process was argued in the state courts.").

Here, petitioner's claim will be dismissed because it is unexhausted. Petitioner did not express this claim as a constitutional error to the Virginia courts on direct appeal. When he presented the claim in constitutional terms to the Supreme Court of Virginia in his state habeas petition, the Supreme Court found that the claim was barred pursuant to Henry v. Warden, 576 S.E.2d 495, 496 (2003). Therefore, the constitutional dimension of this claim has not been exhausted and is not cognizable here. Moore, 408 U.S. at 799. Additionally, even if this claim were capable of being addressed on the merits, its rejection by the Court of Appeals of Virginia was neither contrary to nor an unreasonable application of federal law, nor was it is based on an unreasonable interpretation of facts. Cf. Williams, 529 U.S. at 412–13. Therefore, it warrants no federal relief.

C. Claim 4: Insufficient Evidence

Petitioner argues that the evidence at trial was insufficient to support his convictions. On federal habeas review, the standard for claims challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546–47 (1981); see Wilson v. Greene, 155 F.3d 396, 405–06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt

determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

When petitioner presented this claim to the Court of Appeals of Virginia on direct appeal, it held as follows:

> 1. JURY TRIAL CONVICTIONS
>
> Appellant argues that the Commonwealth failed to prove that he was a perpetrator in the November 30, 2006 home invasion, and, therefore, he essentially contends that no rational factfinder could have found beyond a reasonable doubt that he committed the crimes for which the jury convicted him. Appellant claims that the victims who identified him at trial were "confused," as indicated by their attempts to identify him in various pretrial photographic arrays. Furthermore, appellant claims that Davis, appellant's co-defendant, was a self-interested "ex-lover" who fabricated appellant's involvement in the offenses to minimize her own guilt. Thus, appellant asserts that his own alibi witnesses were more credible than the Commonwealth's witnesses.
>
> However, "[i]n a jury trial, the credibility of the witnesses and the weight accorded to their testimony are matters solely within the province of the jury." Lynn v. Commonwealth, 27 Va. App. 336, 351, 499 S.E.2d 1, 8 (1998). Furthermore, viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party below, ample evidence supported a finding that appellant was a perpetrator here. Three of the victims — P.C., K.C., and T.M. — identified appellant at trial. Davis testified that appellant said he intended to rob the home, that appellant entered the home wearing a bullet-proof vest and armed with a handgun, and that appellant later told her that he had struck S.J. in the head. A rational factfinder could certainly have found that appellant committed the crimes for which the jury convicted him.
>
> 2. BENCH TRIAL CONVICTIONS
>
> Appellant also argues that the evidence was insufficient to prove that he possessed a firearm, and, therefore, he claims that his conviction under Code § 18.2-308.2 in the separate bench trial should be reversed. In a felon-in-possession-of-a-firearm prosecution, "once the Commonwealth proves the accused is a convicted felon who possessed an object made to 'expel a projectile by the combustion of gunpowder or other explosive,' then it has proven all the necessary elements of the crime based on the plain language of the statute." Armstrong v. Commonwealth, 36 Va. App. 312, 320-21, 549 S.E.2d 641, 645 (2001) (quoting Code § 18.2-308.2).
>
> Appellant's contention that the evidence was insufficient here because no firearm

8

> was recovered from his possession is meritless, since circumstantial evidence can support a conviction under Code § 18.2-308.2. See Redd v. Commonwealth, 29 Va. App. 256, 258-59, 511 S.E.2d 436, 437-38 (1999). Here, there was credible testimony that appellant possessed what certainly appeared to be a firearm and that shots were fired. That testimony was corroborated by physical evidence that shots indeed were fired, such as bullet holes found in the house and empty shell casings found around the home after the home invasion was over. A rational factfinder, such as the trial court here, was certainly permitted to infer from this evidence that appellant carried an actual firearm, rather than a toy gun or water pistol, as appellant claims on appeal. Based on these facts, therefore, we conclude that the evidence was also sufficient for a rational factfinder to convict appellant of being a convicted felon in possession of a firearm under Code § 18.2-308.2.

Va. Ct. App. 9–11. For the reasons expressed in the foregoing opinion, it is readily apparent that a rational trier of fact could have found petitioner guilty of the crimes of which he was charged. Cf. Jackson, 443 U.S. at 319. Therefore, the state court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim must be dismissed.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 16th day of August 2013.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge